J-S61006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ROBERTSON | : | |
| | : | |
| Appellant | : | No. 582 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 25, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006922-2015

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED MARCH 09, 2020**

Justin Robertson appeals from the January 25, 2019 judgment of sentence of three and one-half to seven years of imprisonment, imposed following revocation of his probation. After thorough review, we affirm.

The following underlying facts are relevant to our review. Appellant entered a negotiated guilty plea on January 26, 2016, to theft by unlawful taking, criminal conspiracy, receiving stolen property, criminal mischief, and loitering and prowling at nighttime. The charges arose from his theft of a motorcycle from a Bucks County home in 2015. Trial Court Opinion, 6/5/19, at 1. At the time he committed these offenses, he was on parole following his 2013 conviction for acquisition of a controlled substance by fraud, for which he was sentenced to two and one-half to five years of incarceration. *Id*. at 1.

_____

[*] Former Justice specially assigned to the Superior Court.

The trial court sentenced Appellant to time served to twenty-three months on the theft charge, with immediate parole. On the criminal conspiracy conviction, the court imposed three years of probation to run concurrent with the sentence imposed for theft. At each of the remaining charges, the court sentenced Appellant to one year of probation, to run concurrently to the other sentences.

We glean the following from testimony adduced at the October 31, 2018 violation of probation ("VOP") hearing.[1] Appellant was released on probation in January 2017, to reside with his father in Levittown. *See* N.T. VOP Hearing, 10/31/18, at 4. He was instructed to undergo a drug and alcohol assessment and make payments on his fines, costs, and restitution. *Id*.

On June 14, 2017, while on probation, Appellant's urine sample tested positive for cocaine and opiates. *Id*. He admitted to using cocaine and Percocet, and was instructed by his probation officer to obtain another drug and alcohol assessment for purposes of treatment. *Id*. One month later, Appellant submitted another urine sample that was positive for opiates, and he admitted he used heroin several days before the sample was taken. *Id*. His probation officer instructed him to check himself into an inpatient detoxification program, and confirmed that he was enrolled and expected to complete the program on August 16, 2017. *Id*. at 5. However, Appellant

_____

[1] Appellant waived his right to a *Gagnon I* hearing on the record at the VOP hearing. *See* N.T. VOP Hearing, 10/31/18, at 3.

discharged himself from the treatment program two weeks prior to that date. Appellant assured his probation officer on August 16, 2017, that he would find another program. He did obtain some detoxification services and treatment, but he did not follow through with after-care. *Id*. at 6.

On September 29, 2017, Appellant was arrested in Philadelphia on drug charges and released on his own recognizance. *Id*. He did not have permission to be in Philadelphia. *Id*. at 11. His probation officer did not learn of the Philadelphia arrest until October 18, 2017, and attempted to meet with Appellant on that day at his approved residence in Levittown. *Id*. Upon arrival at the house, a woman told the probation officer that Appellant was not there. *Id*. The probation officer searched the house for Appellant, but did not find him. *Id*. at 7. While conducting his search, however, the probation officer found drug paraphernalia, including glass pipes, used and unused needles, and plastic baggies in a room occupied by Appellant. *Id*.

Appellant contacted the probation officer later that evening and informed the officer that he was at home. *Id*. The officer returned to the residence that same evening, but again, Appellant was not present. More drug paraphernalia was recovered. *Id*. Another search of the Levittown home was performed on October 25, 2017, and Appellant could not be located. *Id*. A search on December 6, 2017, revealed a "secret room" containing baggies of heroin and needles. *Id*. at 9. Appellant was not present. *Id*. On January 26, 2018, Appellant was arrested again in Philadelphia on drug

charges, and later remanded to custody of the state parole board. *Id*. at 10. The new charges were disposed of "without conviction." Trial Court Opinion, 6/5/19, at 4.

Appellant's probation officer testified at the VOP hearing that Appellant violated the conditions of his probation and parole by leaving the district of supervision without prior written permission from parole supervision staff, by failing to maintain regular contact with parole supervision staff by reporting regularly as required and avoiding contact, failing to notify supervision staff within seventy-two hours after an arrest, possessing and using narcotics and controlled substances, and failing to pay court-imposed fines and costs of supervision. N.T. VOP Hearing, 10/31/18, at 11-13. Appellant admitted that he was in violation of his probation for all of the aforementioned reasons. *Id*. at 21-23.

The court advised Appellant that although the Commonwealth was recommending an eighteen month sentence of incarceration, the court could sentence him to three and one-half to seven years of incarceration for the probation violation. *Id*. at 27. The court apprised Appellant that it was not inclined to follow the recommendation "because you have demonstrated that you are not committed to doing what you need to do to overcome your addiction." *Id*. at 27-28. It admonished Appellant for "playing games" with State Parole and his own father, for his continued abuse of drugs after being "in and out of rehabs," for showing a "complete disregard for the authority of

the Court." *Id*. at 28. In conclusion, the Court stated he was a danger to himself and the community, and announced its intention to sentence him to the three and one-half to seven year maximum term of imprisonment. *Id*. However, the court preferred that Appellant get long-term treatment for his drug addiction by participating in the State Intermediate Punishment Program ("SIP"). *Id*. at 28. The court then deferred sentencing until it could be verified that Appellant would qualify for SIP. *Id*. at 31. Appellant reluctantly decided to participate in SIP. The court found him in violation of his probation, revoked it, and continued his sentencing to permit SIP screening.

At the resentencing hearing, Appellant's probation officer advised the court that Appellant had been admitted to SIP, but that he incurred a drug-related misconduct and was terminated from further evaluation for the program. *See* N.T. Resentencing Hearing, 1/25/19, at 3. The probation officer recommended that Appellant be sentenced to three and one-half to seven years of imprisonment with credit for time served. *Id*. Appellant's family addressed the court and confirmed that Appellant had a serious drug problem and could die if he did not receive proper help. *Id*. at 13-14. The court sentenced Appellant to three and one-half to seven years of incarceration in state prison. *Id*. at 19.

Appellant filed a motion to reconsider the sentence, which was denied on February 11, 2019. Appellant filed a timely notice of appeal to this Court

on February 22, 2019, and complied with the court's order to submit a Pa.R.A.P. 1925(b) concise statement of errors on appeal.

Appellant raises one issue for our review: "Whether a maximum sentence of three and one-half to seven years upon revocation of probation for technical probation violations was manifestly excessive?" Appellant's brief at 4. Appellant does not dispute that incarceration was warranted, but he maintains that the length of sentence imposed was excessive for technical violations such as "using drugs, absconding and traveling to Philadelphia, and failing to pay his costs, fines, and restitution." Appellant's brief at 9.

Appellant presents a discretionary sentencing challenge. An appeal of discretionary aspects of a sentence is not a matter of right. *See* 42 Pa.C.S. § 9781(b). An appellant challenging the discretionary aspects of a court's sentence must invoke this Court's jurisdiction by:

(1) filing a timely notice of appeal;

(2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence;

(3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence;" and

(4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975 (Pa.Super. 2019) (citing *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.Super. 2015)).

Appellant filed a post-sentence motion and a timely notice of appeal. His appellate brief contains a Pa.R.A.P. 2119(f) statement setting forth the basis for his petition for allowance of appeal. Appellant's brief at 10-11. The only question remaining is whether he has presented a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013). Appellant contends that he presents a substantial question because imposition of a maximum sentence following a revocation of probation for technical violations is "manifestly excessive" and "so disproportionate as to implicate the fundamental norms of the sentencing process." Appellant's brief at 11. Such claims have been held to constitute a substantial question. ***See Commonwealth v. Williams***, 69 A.3d 735, 740 (Pa.Super. 2013); ***see also Commonwealth v. Mouzon***, 812 A.2d 617, 622 (Pa. 2002) (plurality) (opining that a claim that a sentence violates fundamental norms underlying the sentencing process raises a substantial question). Hence, we proceed to address the merits of Appellant's discretionary sentencing claim.

Our standard of review of discretionary sentencing claims following revocation of probation is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record

- 7 -

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa.Super. 2014) (citing ***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-84 (Pa.Super. 2012)). Additionally, when reviewing whether a sentence is manifestly excessive, we must accord weight to the sentencing court's discretion, "as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." ***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa.Super. 2003).

When a sentencing court imposes a new sentence upon revocation of probation, it is limited to the sentencing options that existed at the time of the initial sentencing. ***See*** 42 Pa.C.S. § 9771(b). In addition, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010). When imposing a sentence, "a trial court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Commonwealth v. Schutzues***, 54 A.3d 86 at

99 (Pa.Super. 2012). We will find an abuse of discretion when the sentencing court fails to give "careful consideration to all relevant factors in sentencing [the appellant]." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super. 2000).

Here, Appellant concedes that he should be imprisoned for technical violations of his probation, and is only disputing the length of the sentence itself.[2] Appellant's brief at 9. He maintains that forty-two to eighty-four months of incarceration is manifestly excessive for technical probation violations. He directs our attention to our decision in **Commonwealth v. Parlante**, 823 A.2d 927 (Pa.Super. 2003), where we held that four to eight

---

[2] Even though Appellant concedes that incarceration was warranted, we find that the requirements for a sentence of confinement following revocation of probation were met. By statute, the court shall not impose a sentence of total confinement upon revocation of probation unless it finds that:

   (1)   the defendant has been convicted of another crime; or

   (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

   (3)   such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

The evidence overwhelmingly indicated that Appellant was likely to continue his drug use and commit another crime if he was not imprisoned. In addition, a sentence of imprisonment was necessary to vindicate the authority of the court due to Appellant's repeated violations of his probation orders. **See** N.T. VOP Hearing, 10/31/18, at 11-14.

years of imprisonment was manifestly unreasonable for seven technical violations and four direct violations involving non-violent crimes.

Our decision in **Parlante** was based on the trial court's failure "to consider Parlante's age, family history, rehabilitative needs, the pre-sentence report or the fact that all of her offenses were non-violent." **Id**. at 930. In contrast, in **Sierra**, **supra**, we upheld imposition of a statutory maximum term of imprisonment even though the appellant committed only technical violations of her probation. We found no abuse of discretion because the trial judge "gave careful consideration to all relevant factors [when] sentencing [Sierra], including her significant criminal record." **Id**. at 913-14.

Appellant has not alleged or demonstrated herein that the trial court failed to consider any of the relevant sentencing factors in imposing sentence herein. At its essence, Appellant's claim is solely that his sentence is manifestly excessive for technical violations of probation. Appellant has not established that the sentencing court abused its discretion.

At both the VOP hearing held on October 31, 2018, the court thoroughly explained its rationale for sentencing Appellant to the maximum sentence, although it deferred the sentencing to permit screening for SIP. The court cited Appellant's drug abuse, his numerous failed attempts at drug rehabilitation and detoxification, and the danger Appellant's drug use posed to himself and the community as warranting a decision to sentence him to the maximum. N.T., VOP Hearing, 10/31/18, at 28. While on probation, Appellant

- 10 -

repeatedly violated the conditions of his probation by leaving for Philadelphia without permission, continuing to use controlled substances, failing to notify his probation officer of his subsequent arrest, and failing to pay court-imposed costs, restitution, fees, and costs of supervision. *Id*. at 11-14. At the VOP hearing, the court found that Appellant was not committed to overcoming his addiction and that he was a danger to the community and to himself. *Id*. at 27-28. He had prior opportunities to participate in drug treatment programs while on probation, and he failed to complete them or enroll in them.

At the subsequent sentencing hearing, the court expounded on its reasons for the sentence imposed. Although the trial court offered Appellant the alternative of SIP, he squandered that opportunity when he abused drugs while in the program. N.T. Resentencing Hearing, 1/25/19, at 4. Appellant admitted that he continued to struggle with drug addiction and that past efforts to rehabilitate him had been unsuccessful. *Id*. at 5. Appellant's family members addressed the court. They confirmed that Appellant has a drug addiction problem and that he could die from drug abuse if he did not successfully complete a rehabilitation program. *Id*. at 7, 12-14.

The sentencing court reiterated that Appellant's participation in other rehabilitative measures had been unsuccessful and that he remained addicted to drugs. *Id*. at 14-15. Its stated goal was to get Appellant "isolated away from where [he] can get drugs." *Id*. at 15. The court noted, however, that Appellant's conduct indicated an unwillingness to reform as his prior

incarceration had no deterrent effect on his drug use and he consistently failed to complete any of the rehabilitation programs that his probation officer instructed him to complete.

On the record before us, we find no abuse of discretion on the part of the trial court in imposing the maximum sentence upon revocation of Appellant's probation. The court had the ability to sentence Appellant to any sentence it could have imposed originally, which included the sentence imposed herein. *See* 42 Pa.C.S. § 9771(b). The court applied the proper sentencing factors and determined that Appellant was likely to continue to commit further crimes if not imprisoned, and that prior less-restrictive efforts to rehabilitate him and get him away from drug usage had failed. The court thoroughly considered Appellant's history and determined that the sentence imposed was the best option because prior methods of rehabilitation had been unsuccessful. Appellant had been shown leniency and given numerous opportunities for rehabilitation that were significantly less restrictive than a maximum sentence of confinement, and he was unable to take advantage of the opportunities afforded to him by the court.

The record establishes that the sentencing court considered the proper sentencing factors and exercised its sound discretion in imposing the maximum sentence. Moreover, there is no evidence that the court's judgment was "the result of partiality, prejudice, bias or ill-will." *Colon*, *supra* at 1043.

Hence, we accord the decision of the trial court the deference it deserves, and affirm.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *3/9/2020*